FIRST & AMERICAN NATIONAL BANK OF DULUTH, Respondent, vs. CONLEY, Appellant.

*September 11—November 26, 1946.*

For the appellant there was a brief by *Rogers & Owens* of Portage, and oral argument by *Philip Owens.*

For the respondent there was a brief by *Hill, Dithmar & Greenhalgh,* attorneys, and *Hill, Miller & Hill* of counsel, all of Baraboo, and oral argument by *J. H. Hill, Jr.*

FOWLER, J.    The plaintiff sued on a promissory note due in January, 1932, executed by the defendant to the plaintiff. The defendant set up in his answer the six-year statute of the state of Minnesota of which he alleges he is a resident, and the six-year statute of Wisconsin.    There is no attack on this defense.

The plaintiff demurs to a "further defense" set up in the answer consisting of fraudulent representations and participation in a conspiracy to defraud the defendant by the plaintiff bank on the ground that it does not state facts sufficient to constitute a defense.    The plaintiff also demurs to a "further defense" on the ground that it does not state facts sufficient to constitute a

defense to the plaintiff's cause of action by way of "setoff" or "recoupment." The plaintiff also demurs to two counterclaims interposed by defendant, on the ground that they do not state facts sufficient to constitute causes of action.

The first of these counterclaims is based on allegations of fact as to fraudulent representations and conspiracy for which he claims $2,500 damages. The second states the same facts which are realleged as basis of the first counterclaim and alleges that defendant was a poor man and could not afford to be "duped and defrauded" out of any "substantial sum" of money; that knowing the defendant's "condition" the plaintiff "maliciously and vindictively participated in a conspiracy to defraud and deceive him and to oppressively take his property from him; and that thereby defendant was caused worry and mental anguish" to his damage of $10,000. It is alleged that the fraudulent acts alleged were not discovered by defendant until March, 1939, whence the causes of action involved in the counterclaims are not barred by the statutes of limitation.

It appears from the allegations of the answer other than the defense of the statutes of limitation that the note in suit is a renewal of an amount due and unpaid by the terms of an original note, which was executed by defendant to the plaintiff for a loan made by plaintiff to defendant to enable defendant to pay the purchase price of stock in a mining company which defendant bought. The court entered an order sustaining the demurrer to the counterclaims to the defenses of "setoff" and "recoupment" interposed to the plaintiff's action on the ground that "they do not state facts sufficient to constitute a cause of action or defense." The reason given by the trial court for this ruling is, in effect, that a national bank can only act through its officers and is not responsible for their frauds or conspiracies entered into by them in the sale of stock. *De Swarte v. First Nat. Bank*, 188 Wis. 455, 206 N. W. 887; *Bank of Quapaw v. Flint*, 97 Okla. 181, 223 Pac. 624. This is correct unless the stock sold is owned by the bank itself. In selling stock

owned by itself a bank is bound by the fraud of its agents just as any other principal is bound by the fraud of its agents if it accepts the benefit of their fraud. The answer is barren of allegation that the stock bought by the defendant belonged to the bank. It alleges that the bank owned some stock of the mining corporation, but does not allege that any of the stock bought belonged to the bank. The defendant's pleadings aver that the frauds alleged were committed by the bank but this, under the facts alleged, is not an allegation of fact but one of law which is not admitted by the demurrer.

The appellant cites 7 Michie, Banks and Banking, p. 280, sec. 160, and three Mississippi cases there cited in support of the text, to the proposition that banks are liable in actions for deceit. These cases are not in conflict with what is above stated, as the securities there involved which were sold were owned by the bank. *Smith v. First Nat. Bank* (8th Cir.), 268 Fed. 780, is cited in the brief to the same point, but that decision is to the effect that the bank held itself out as having for sale the securities involved and selling them through its president and which the president of the bank by fraudulent representations induced the plaintiff to purchase. There are no allegations in the instant answer or counterclaims to bring the case within the rule of that case.

It is suggested in the brief of defendant that a bank is responsible for damages resulting from fraud of its officers in making loans. This is true when the bank is the loanee. But here the bank is the loanor. To constitute a defense or cause of action in a case wherein the bank was loanor the answer would have to allege that the fraud of its officers caused the defendant to borrow the money and that the borrowing of the money caused him damage. We do not discover in defendant's pleadings any allegations that the fraud of the bank's officers caused the defendant to borrow the money from the bank or that borrowing the money from the bank caused him any damage. Moreover, it is plain from the allegations of the de-

fendant's pleadings that all damage alleged as sustained by the defendant was caused by the fraud perpetrated in selling the stock, and for that, as above stated, the bank is not responsible for fraud of its officers unless it owned the stock sold.

The defendant complains that the order of the court is erroneous because it does not pass upon his contention that he alleges in his counterclaims facts that show that his counterclaims are not barred by the statutes of limitation. It appears from the foregoing that the trial court correctly sustained the demurrers to the counterclaims on the ground that they do not state facts sufficient to constitute counterclaims. This being correct it was unnecessary to rule whether the statutes of limitation barred the counterclaims.

Besides being set up in the answer as complete defense to plaintiff's cause of action the alleged facts of fraud and conspiracy are interposed as constituting the partial defenses of "setoff" and "recoupment." As those facts do not constitute a counterclaim there cannot be any recovery against the plaintiff to set off against its judgment if it gets one. For the same reason there can be no recoupment. As there can be neither setoff nor recoupment it is immaterial whether the statutes of limitation bar those defenses.

It follows that the defendant is not prejudiced because the trial court did not pass upon the effect of the statutes of limitation upon defendant's counterclaims and defenses.

*By the Court.*—The order of the county court is affirmed, and the cause is remanded for further proceedings.